UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Patricia Donovan,
    Plaintiff

    v.                                     Civil No. 05-cv-211-SM

Linda Whalen,
    Defendant

**O R D E R**

Appearing pro se, Patricia Donovan asserts claims of intentional infliction of emotional distress, providing false information in a criminal investigation, conspiracy, harassment, and defamation against Linda Whalen, a Dallas, Texas, resident (Counts 4-23).[1] Those claims arise from telephone calls and other communications Whalen allegedly directed to various individuals in New Hampshire and Indiana,[2] and postings Whalen allegedly made to an America Online ("AOL") chatroom. Before the

---

[1] Counts 1-3, which asserted claims against Randy Tracy and Nancy Flatt-Moore, were dismissed without prejudice by endorsed order dated September 8, 2005, leaving Linda Whalen as the only remaining defendant. Accordingly, Flatt-Moore's pending motion to dismiss (document no. 6) is moot.

[2] During parts of the time period covered by Donovan's allegations, she resided in New Hampshire, while at other times, she resided in Indiana.

court are: (1) Donovan's motion to transfer this case to the Southern District of Indiana, to which Whalen objects in part; (2) Whalen's motion to dismiss fourteen of the twenty counts against her for lack of personal jurisdiction, which is unopposed;[3] (3) Whalen's motion to dismiss eleven of the counts against her for failure to state a claim, to which Donovan objects; and (4) Donovan's motion to dismiss Counts 5-7, 11, 13, 15, and 18.

## Discussion

Counts 4 through 23 assert a variety of claims against Linda Whalen.  In her partial objection to Donovan's motion to transfer and in her motion to dismiss for lack of personal jurisdiction, Whalen divides Counts 4 through 23 into three categories: claims arising from her alleged communications with people in New Hampshire (Counts 4, 8, 9, 10, 12, and 19, referred to as the "New Hampshire claims"[4]), claims arising from her alleged

---

[3] While plaintiff has filed no objection to Whalen's motion to dismiss, she argues, in another pleading, that Whalen's motion is mooted by her (plaintiff's) motion to transfer the case to the Southern District of Indiana.

[4] Whalen characterizes Count 4 as a New Hampshire claim but, as pled, the claim includes no geographical reference:

communications with people in Indiana (Counts 5, 6, 7, 11, 13, 15, and 18, referred to as the "Indiana claims"), and claims arising from her alleged postings in an AOL chatroom (Counts 14, 16, 17, and 20-23, referred to as the "internet claims").

In her motion to dismiss for lack of personal jurisdiction, Whalen asks the court to dismiss the Indiana claims and the internet claims, but concedes that the court has personal jurisdiction over her regarding the New Hampshire claims. In her motion to dismiss for failure to state a claim, she makes substantive arguments for dismissing three of the New Hampshire claims (Counts 10, 12, and 19), four of the Indiana claims (Counts 6, 13, 15, and 18), and four of the internet claims (Counts 14, 16, 17, and 21). In her partial objection to

---

> That Indiana State witness, Linda Whalen of Dallas, Texas, knowingly, in her [Whalen's] course of conduct, of defamation, harassment, and false information to officers of the law, over a period of twenty-one (21) months, toward the Plaintiff Patricia Donovan, did knowingly cause intentional affliction of emotional distress.

(Compl. at 34.) Because many of the remaining counts of plaintiff's complaint are best characterized as asserting claims for intentional infliction of emotional distress, and because those claims include both geographical references and specific factual bases, Count 4 is dismissed as both insufficiently pled and duplicative.

Donovan's motion to transfer, Whalen assents to transfer of the Indiana claims, but argues that the New Hampshire claims should be tried in this court, and that the internet claims should not be transferred but, rather, dismissed on the basis of a jurisdictional defect that would not be cured by a transfer to the Southern District of Indiana.

A. The Indiana Claims

The Indiana claims are based upon allegations that Whalen, from her home in Texas: (1) transmitted false information to Detective Randy Tracy in Anderson, Indiana (Counts 5, 6, and 7); (2) conspired with Chris Fisher of Anderson, Indiana, to have Donovan falsely charged with stalking in Indiana (Count 11); and (3) harassed Donovan by telephoning Donovan's Indiana landlord, Donovan's Indiana residence, and the Indiana college Donovan was attending (Counts 13, 15, and 18).

Donovan moved to transfer the entire case to the Southern District of Indiana, arguing that venue is improper in New Hampshire, but has subsequently moved to dismiss the Indiana

claims, without prejudice.  Her motion to dismiss is granted. FED. R. CIV. P. 41 (a)(2).

B. The New Hampshire Claims

The New Hampshire claims are based upon allegations that Whalen: (1) transmitted false information to Greenfield, New Hampshire, police chief Brian Giammarino (Counts 8, 9, and 10) and (2) harassed Donovan by telephoning Donovan's New Hampshire residence and Donovan's mother's New Hampshire residence (Counts 12 and 19).

Because Donovan does not argue to the contrary in either her motion to transfer or her memorandum of law, the court assumes that she seeks to transfer the New Hampshire claims along with the Indiana claims and internet claims.  She argues that venue is improper in New Hampshire because "the majority of [her] complaint stems from an arrest upon her in Chesterfield, Indiana."  (Pl.'s Mem. of Law (document no. 19) at 1.)  Whalen objects, preferring to "defend the New Hampshire claims where they allegedly occurred, here in New Hampshire."  (Whalen's Obj. ¶ 5.)

Although Donovan apparently desires to transfer the New Hampshire claims to the Southern District of Indiana, those claims should not be transferred. A substantial portion of the events giving rise to those claims, i.e., Whalen's allegedly tortious conduct, arguably took place in New Hampshire. Accordingly, venue is proper in this district, which would rule out a transfer under 28 U.S.C. § 1406(a) (i.e., venue is not "wrong"). More importantly, venue is not proper in the Southern District of Indiana, and Whalen objects to improper venue in the Southern District of Indiana. Therefore, neither § 1406(a) nor § 1404(a) supports a change of venue. Donovan may litigate the New Hampshire claims in this court (or voluntarily dismiss them), but they will not be transferred to the Southern District of Indiana.

The New Hampshire claims include Counts 8, 9, 10, 12, and 19. Whalen has moved to dismiss Counts 10, 12, and 19, for failure to state a claim on which relief can be granted. Donovan objects.

1. The Legal Standard

A motion to dismiss for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  When considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), the court must "accept as true the factual allegations of the complaint and construe all reasonable inferences therefrom in favor of [plaintiff]."  Perry v. N.E. Bus. Serv., Inc., 347 F.3d 343, 344 (1st Cir. 2003) (citing Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998)).  "A district court may grant a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted only if 'it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'"  Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004) (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).

2. Count 10

Count 10 falls under the general heading: "Title LX II, Criminal Code, Chapter 641, Falsification in Official Matters, 641:4." That count states, in its entirety:

> Defendant Linda Whalen of Dallas, Texas, did knowingly with malice and forethought give Greenfield New Hampshire Chief of Police Brian Giammarino, false information when she stated: "Patricia Donovan is Dangerous."

(Compl. at 36.) Donovan appears to be relying upon the New Hampshire criminal code for her cause of action but, of course, the criminal code does not provide a private right of action to those who believe themselves to be the victims of criminal acts. Rather, such causes of action arise under the common law. Here, Donovan's Count 10 is best characterized as a common law defamation claim. Whalen moves to dismiss on grounds that the statement on which Donovan bases her defamation claim is a non-actionable statement of opinion.

Under New Hampshire's common law of defamation:

> A plaintiff proves defamation by showing that the defendant failed to exercise reasonable care in publishing a false and defamatory statement of fact

8

>    about the plaintiff to a third party, assuming no valid
>    privilege applies to the communication.

Pierson v. Hubbard, 147 N.H. 760, 763-64 (2002) (citing Indep. Mech. Contractors v. Gordon T. Burke & Sons, 138 N.H. 110, 118 (1993); RESTATEMENT (SECOND) OF TORTS § 558 (1997)).  A person may be held liable for false a statement of fact, but

>    a statement of opinion is not actionable, Gertz v.
>    Robert Welch, Inc., 418 U.S. 323, 339-40 (1974); Pease
>    v. Telegraph Pub. Co., 121 N.H. 62, 65 (1981), unless
>    it may reasonably be understood to imply the existence
>    of defamatory fact as the basis for the opinion.
>    Duchesnaye v. Munro Enterprises, Inc., 125 N.H. [244,]
>    249 [(1984)]; RESTATEMENT (SECOND) OF TORTS § 566 (1977).

Nash v. Keene Publ'g Corp., 127 N.H. 214, 219 (1985) (parallel citations omitted).


    Here, the statement on which Donovan bases her defamation claim is a non-actionable statement of opinion because it cannot "be read as being or implying an actionable statement of fact." Id.  Whalen's alleged statement to Chief Giammarino perhaps implies that she had some basis for making it, but an average reader could not reasonably understand the statement attributed to Whalen, as presented in the complaint, as actionably factual.

See id. (citation omitted).  If, for example, Whalen had falsely told Chief Giammarino that Donovan had shot a gun at her neighbors, was a chronic drunken driver, or kept a poisonous snake in her mailbox, and was, therefore dangerous, then Whalen would potentially be liable for defamation, for making false statements of fact underlying the opinion that she was "dangerous."  But where, as here, the only statement attributed to Whalen constitutes a conclusion or an inference rather than a statement of fact, there can be no liability for defamation under New Hampshire law.  Accordingly, Whalen's motion to dismiss is granted as to Count 10.

### 3. Count 12

Like Count 10, Count 12 falls under a heading borrowed from the New Hampshire criminal code: "Title LXII, Chapter 644, Harassment, 644:2."  Count 12 reads:

> Defendant Linda Whalen, did knowingly with malice and forethought, taunt, harass, threaten, knowingly provoking a violent and disorderly reaction from the Plaintiff Patricia Donovan when she [Whalen] placed calls to the Plaintiff Patricia Donovan's residence in Greenfield, New Hampshire.

(Compl. at 37.)  While Donovan's use of the word "threaten" suggests the possibility of a common law claim for assault, that possibility is negated by the fact that the claim is based upon telephone calls from Texas to New Hampshire, which makes it impossible for Donovan to have been placed in fear of imminent physical contact, a necessary element of common law assault.  See RICHARD B. MCNAMARA, NEW HAMPSHIRE PRACTICE: PERSONAL INJURY, TORT AND INSURANCE PRACTICE § 3.12 (3d ed. 2003) ("a threat alone is not sufficient, unless the apparent present ability to execute the threat of physical harm exists"); RESTATEMENT (SECOND) OF TORTS § 21 (1965).  Thus, Count 12 is construed as asserting a common law claim for intentional infliction of emotional distress.[5]

Whalen moves to dismiss on grounds that "plaintiff does not provide any details of those allegedly harassing and threatening calls."  Given the leniency generally shown toward pro se litigants in this circuit, and the relatively liberal requirements of notice pleading in the federal system, see Rivera

---

[5] Under New Hampshire law, "one who by extreme and outrageous conduct intentionally causes severe emotional distress to another is subject to liability for that emotional distress." Konefal v. Hollis/Brookline Coop. Sch. Dist., 143 N.H. 256, 260 (1998) (citing Morancy v. Morancy, 134 N.H. 493, 495 (1991)).

v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005), Donovan has stated a claim for intentional infliction of emotional distress sufficient to overcome a Rule 12(b)(6) challenge.  Count 12, supplemented by this order, informs Whalen of the conduct for which Donovan seeks to hold her liable, harassing telephone calls to Donovan's residence in New Hampshire, and the theory under which Donovan seeks to recover.  No more is necessary at this point.  See id.  Accordingly, Whalen's motion to dismiss is denied as it relates to Count 12.

### 4. Count 19

Count 19, listed under the same heading as Count 12, reads as follows:

> Defendant Linda Whalen of Dallas, Texas did knowingly and with malice and forethought, contact via telephone the Plaintiff Patricia Donovan's mother's residence, in Peterborough, New Hampshire, to taunt, harass, and annoy the Plaintiff Patricia Donovan.

(Compl. at 39.)  Whalen's motion to dismiss mentions Count 19 in passing, but does not discuss that claim in any detail.

Unlike Count 12, which may fairly be construed as asserting a claim of intentional infliction of emotional distress, Count 19 does not. Count 12 alleges that Whalen made telephone calls in which she actually taunted, harassed, and threatened Donovan. Count 19, by contrast, alleges only telephonic contact with a residence, not a person, and alleges Whalen's purpose – to taunt, harass, and annoy Donovan – but not that Whalen actually did so. Intentional infliction of emotional distress is a cognizable tort under the common law of New Hampshire; attempted, or intended, intentional infliction of emotional distress is not. Accordingly, Whalen's motion to dismiss is granted as to Count 19.

C. The Internet Claims

The internet claims are based upon allegations that Whalen: (1) harassed Donovan by posting her New Hampshire and Indiana telephone numbers and addresses on the internet (Count 14), as well as airline flight information, (Count 16), her social security number (Count 17 and 21), and false information about her (Count 20); and (2) defamed Donovan by posting false statements about her on the internet (Counts 22 and 23).

Donovan's motion to change venue appears to cover the internet claims.  Whalen objects to transferring those claims, arguing that "those claims should be dismissed for lack of jurisdiction and the jurisdictional defect will not be cured by a move to Indiana."  (Whalen's Obj. ¶ 6.)  "Whalen prefers that this court decide the jurisdictional issue."  (Id.)  Indeed, Whalen filed a separate motion to dismiss for lack of personal jurisdiction.  Donovan has not filed an objection to Whalen's jurisdiction-based motion to dismiss.  Rather, in her objection to Whalen's motion to dismiss for failure to state a claim she argues that Whalen's motion is mooted by the pending motion to transfer the case.

Disposition of the internet claims against Whalen involves a degree of interplay between the concepts of personal jurisdiction and venue, complicated by the unusual circumstance of having a plaintiff rather than a defendant moving for a change of venue.  The question boils down to this: transfer or dismissal?  Given the state of the record in this case, the better course is to dismiss the internet claims for lack of personal jurisdiction.

To transfer the internet claims to the Southern District of Indiana, under either 28 U.S.C. § 1404(a) a or § 1406(a), would require this court to determine that the Southern District of Indiana is a district in which those claims could have been brought initially.  While venue in that district might well be proper for the internet claims, it is not evident from the face of the complaint, and Donovan has produced nothing to support such a conclusion.  Thus, there is no solid basis in this record for transferring the internet claims as Donovan has requested.  That leaves Whalen's motion to dismiss for lack of personal jurisdiction.

Donovan does not counter Whalen's motion to dismiss with evidence establishing this court's personal jurisdiction over her, see Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002) ("The plaintiff bears the burden of proving the court's personal jurisdiction over the defendant.") (citations omitted).  Perhaps that is because doing so – if such a showing were possible – would tend to undermine her own claim that venue is improper in this district.  Thus, the court is left with a challenge to its jurisdiction that has not

15

been countered. That is, Donovan has not met her burden of establishing in personam jurisdiction over Whalen with respect to the internet claims.

As between transfer, for which Donovan has not made an adequate showing, and dismissal for lack of personal jurisdiction, which is fully supported by the state of the record, the latter is the sounder course. Accordingly, Whalen's motion to dismiss for want of personal jurisdiction is granted as to the internet claims.[6] Notwithstanding Whalen's suggestion to the contrary, whether personal jurisdiction may be exercised over her in the Southern District of Indiana is for that court to decide.

## Conclusion

For the reasons given: (1) Nancy Flatt-Moore's pending motion to dismiss (document no. 6) is moot; (2) Donovan's motion

---

[6] While it might seem anomalous for the court to decline personal jurisdiction over Whalen regarding the internet claims while exercising personal jurisdiction over her for the New Hampshire claims, it is important to note that, for purposes of adjudicating the New Hampshire claims, Whalen has expressly submitted herself to this court's jurisdiction.

to transfer (document no. 10) is denied; (3) Whalen's motion to dismiss for lack of personal jurisdiction (document no. 17) is granted as to the internet claims (Counts 14, 16, 17, and 20-23) and moot as to the Indiana claims (Counts 5-7, 11, 13, 15, and 18); (4) Whalen's motion to dismiss for failure to state a claim (document no. 16) is granted as to Count 10 and 19, denied as to Count 12, and moot as to Counts 6, 13-18, and 21; and (5) Donovan's motion to dismiss (document no. 29) is granted.

As a result of the foregoing rulings: (1) Counts 4, 10, and 19 are dismissed with prejudice; (2) Counts 5-7, 11, 13-18, and 20-23 are dismissed without prejudice to refiling in a jurisdiction where personal jurisdiction and venue are proper; and (3) Counts 8, 9, and 12 remain on track for trial in this court.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 4, 2005

```
cc:  Patricia A. Donovan, pro se
     Daniel J. Mullen, Esq.
     David A. Arthur, Esq.
     Robert G. Whaland, Esq.
     Michael J. Sheehan, Esq.
```