UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Patricia A. Donovan

    v.                                                        Civil No. 05-cv-211-SM

Linda S. Whalen

**REPORT AND RECOMMENDATION**

Plaintiff moves for a preliminary injunction seeking a court order enjoining Defendant and certain non-parties from threatening or harassing Plaintiff, publishing false statements about Plaintiff, and from accessing Plaintiff's internet service provider account without Plaintiff's consent. Defendant objects.

Chief Judge McAuliffe referred this matter to me to review Plaintiff's request for injunctive relief, to conduct any hearing that may be held, and to issue a report and recommendation on Plaintiff's motion in accordance with 28 U.S.C. § 636(b)(1)(B). For the reason set forth below, I recommend that the Plaintiff's motion be denied.

Standard of Review

The court is authorized to grant an application for a preliminary injunction in accordance with the provisions of Rule 65 of the Federal Rules of Civil Procedure. As the First Circuit

has interpreted that rule, a court may grant a plaintiff's request for a preliminary injunction if the plaintiff satisfies a four-part test: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff will suffer irreparable harm if the injunction is not granted; (3) the injury to the plaintiff outweighs any harm that granting the injunction would inflict on the defendant; and (4) the public interest will not be adversely affected by the granting of the injunction.  See Langlois v. Abington Hous. Auth., 207 F.3d 43, 47 (1st Cir. 2000).  A party seeking injunctive relief must independently satisfy each of the four factors.  See Auburn News Co. v. Providence Journal Co., 659 F.2d 273, 277 (1st Cir. 1981).

## Background

Plaintiff Patricia Donovan is a resident of Greenfield, New Hampshire.  She commenced this diversity action, pro se, against the Defendant Linda Whalen, a resident of Dallas, Texas, on June 13, 2005.  Plaintiff and Defendant have never met each other in person.  They were introduced to each other in March 2003 through an internet chat room hosted by America Online ("AOL"), an internet service provider.

Plaintiff claims, among other things, that Defendant has

knowingly harassed, slandered, libeled and given repeated false statements about her to law enforcement officials and others in the states of New Hampshire, Indiana, and Connecticut, beginning in June 2003, in order to cause the Plaintiff emotional distress, to anger and annoy Plaintiff, and to invade Plaintiff's privacy. According to Plaintiff, Defendant began a campaign of harassment against Plaintiff after Plaintiff informed Defendant that she no longer wanted to have any telephone or internet contact with her.

Plaintiff filed the instant motion for injunctive relief (document no. 28) on September 21, 2005.  She filed amendments to her motion (documents nos. 31 and 50) on September 30, 2005 and January 6, 2006.  Plaintiff states in her motion, as amended, that she seeks to enjoin Defendant and non-parties Robert Fox, a resident of Bloomsburg, Pennsylvania, and Andrea LeClair, a resident of Enfield, Connecticut, from further harassing Plaintiff, publishing false statements about Plaintiff, or from accessing Plaintiff's AOL account without her consent.

The Court held an evidentiary hearing on Plaintiff's motion on January 30, 2006.  Plaintiff and Mauricia Flagg testified during the hearing.  Plaintiff called Ms. Flagg as a witness solely to corroborate Plaintiff's allegation that some

3

unidentified person or persons accessed Plaintiff's AOL account without Plaintiff's consent on at least two occasions. In addition, Plaintiff introduced several pages of documentary exhibits, which were marked as Plaintiff's Exhibits A-O.

## Discussion

### I. Defendant's Direct Acts

Plaintiff acknowledged during her testimony that she did not have any recent evidence that demonstrates that Defendant has directly threatened Plaintiff, harassed Plaintiff, published false statements about Plaintiff, or evidence that proves that Defendant hacked into Plaintiff's AOL account. Plaintiff further acknowledged that a state-court restraining order is already in place against Defendant, which enjoins Defendant from contacting Plaintiff. Plaintiff cannot show that Defendant has committed any acts that violate that restraining order. Therefore, I find that Plaintiff did not present any evidence at the hearing that shows that Defendant is directly committing any acts that warrant an order from this court granting Plaintiff injunctive relief.

### II. Defendant's Alleged Acts Through Third Parties[1]

---

[1] Plaintiff's motion presents the issue of whether the court has the authority to grant the relief that Plaintiff seeks with regard to persons who are not parties in this case. Rule 65(d) provides that if the court determines that a preliminary

Plaintiff alleges in her motion that Robert Fox and Andrea LeClair are two of Defendant's "associates," and that they have been committing wrongful acts against Plaintiff in collaboration with Defendant.  To Plaintiff's knowledge, Defendant met these individuals through AOL chat rooms.  Plaintiff does not believe that Defendant, or any of the other persons about whom she complains herein, know each other personally.

The Court next considers first whether Plaintiff sufficiently demonstrated through evidence that Robert Fox and Andrea LeClair are committing the wrongful acts of which Plaintiff complains, and second whether Plaintiff has demonstrated that an order granting Plaintiff an injunction against Defendant is warranted because of acts committed by

---

injunction is warranted the court may issue an order that shall be binding upon the parties to the action and upon "their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."  Fed. R. Civ. P. 65(d).  It is important to note, however, that ordinarily a court's order only binds those persons over whom a valid basis for personal jurisdiction exists.  See 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956 at 335.  Based on the evidence that was presented during the evidentiary hearing, I find it unnecessary to analyze the personal jurisdiction issue.

Robert Fox and Andrea LeClair in collaboration with Defendant.[2]

    A.   <u>Fox's Acts</u>

Plaintiff alleges in her motion for injunctive relief that Robert Fox committed the following acts:

    (1) Robert Fox repeatedly published on the internet "Patty is in for a surprise"; and

    (2) Robert Fox has published, witnessed by third parties, "Linda and I are the reason Patty was arrested in Indiana."

<u>See</u> Document No. 28 at 2, ¶¶ 7(A) and (B). During the hearing, however, Plaintiff did not testify regarding any acts that Fox allegedly committed. The Court further notes that the name "Robert Fox" does not appear anywhere in Plaintiff's Exhibits B and C, which Plaintiff testified is the evidence that supports

---

[2] The Court notes that Plaintiff seems to have the mistaken belief that this court has the authority to issue an injunction that will be binding on anyone who commits the wrongful acts of which Plaintiff complains herein. That is not the case. The court has no authority to issue an injunction that "binds the world." <u>See</u> <u>Chase Nat'l Bank v. City of Norwalk</u>, 291 U.S. 431, 436-437 (1934); <u>Kean v. Hurley</u>, 179 F.2d 888, 890 (8th Cir. 1950); <u>Alemite v. Mfg. Corp. v. Staff</u>, 42 F.2d 832, 832-833 (2d Cir. 1930). Only the persons described in Fed. R. Civ. P. 65(d) may be enjoined by an order of this court. Plaintiff may not use this lawsuit as a mechanism to bind other persons who are not parties in the case or properly within the court's jurisdiction. For purposes of consideration of the instant motion, I presume, without deciding, that Robert Fox and Andrea LeClair could potentially be bound under Rule 65(d) as "persons in active concert or participation with" Defendant.

6

her claim that Defendant is harassing Plaintiff indirectly through third parties that she has recruited.

While I recognize that Plaintiff is proceeding in this action without a lawyer, nevertheless, she is not excused from her obligation to meet the Plaintiff's burden of proof with competent evidence. Injunctive relief cannot be granted in this court based solely on the allegations in her pleadings; they must be proved by competent evidence at the hearing. Accordingly, I find that Plaintiff is not entitled to an injunction pertaining to Robert Fox because she has failed to present any evidence or proof regarding Robert Fox's conduct at the evidentiary hearing.

B.  LeClair's Acts

Plaintiff alleges in her motion for injunctive relief, as amended, that Andrea LeClair committed the following acts:

> (1) On the morning of September 20, 2005, LeClair published on the internet witnessed by third parties, "Patty is in for a surprise";
>
> (2) LeClair falsely reported to Detective Cooper of the Enfield (Connecticut) Police Department that Plaintiff stated that "she wanted to molest her daughter" and that Plaintiff had "threatened" LeClair;
>
> (3) Plaintiff received a call from Detective Cooper on September 20, 2005 at approximately 2:00 p.m. informing her that the prosecutor who received the false report had dropped the complaint.

See Document No. 28 at 2, ¶¶ 7(C), (D) and (E) and Document No. 31 at 1.  The Court next considers whether Plaintiff's testimony, together with the credible exhibits introduced during the hearing, establishes that Plaintiff is entitled to the injunctive relief against Defendant and Andrea LeClair.

As a preliminary matter, the Court recognizes that it need not strictly apply the rules of evidence in consideration of a motion for a preliminary injunction.  See Asseo v. Pan Am. Grain Co., Inc., 805 F.2d 23, 25-26 (1st Cir. 1986); Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 718-719 (3d Cir. 2004).  The extent to which Plaintiff relies upon hearsay and documents that Plaintiff admits cannot be validated as accurate to prove the statements of the individuals purportedly involved,[3] however, greatly diminishes the value of her evidence.  With that cautionary note, the Court gives close consideration to Plaintiff's evidence.

Plaintiff testified during the hearing that Andrea LeClair called the Enfield (Connecticut) Police Department on July 3,

---

[3] Plaintiff testified that on AOL a person can use up to six different "screen names."  Plaintiff hand-marked the names of the individuals whom she believes are responsible for posting the comments or sending the e-mails next to these "screen names" on Plaintiff's exhibits.  See e.g., Ex. B (last page), Ex. C (last two pages); and Ex. D (last page).

2005 reporting that six or eight weeks earlier Plaintiff threatened her in a chat room.  While making her report to the police, LeClair informed the police that Defendant was her friend, and that Plaintiff had also threatened Defendant.  Plaintiff's Exhibit C shows that while LeClair was making her report to the police, LeClair called Defendant, who spoke with the officer taking LeClair's report.  Exhibit B further shows that Cathy Cmelo, who is also not a party to this action, called the Enfield police officer to inform him that she had obtained a restraining order against Plaintiff in Wisconsin.

    During the hearing, Plaintiff claimed that Exhibit C demonstrates that Defendant has been acting through third parties in order to harass her.  Exhibit C is comprised of the following documents: (1) a case report and two supplements dated July 4, 2005 from Officer Ralph E. Jensen, Jr., of the Enfield Police Department pertaining to a complaint made by Andrea LeClair against Plaintiff; (2) a supplement dated September 20, 2005 from Detective W. J. Cooper of the Enfield Police Department indicating that he called LeClair and Plaintiff to inform them that an application for an arrest warrant against Plaintiff had been denied and that the case was closed; and (3) two pages of

text that Plaintiff alleges contain statements made by Cathy Cmelo, under the name "Firecrackeriris" and Andrea LeClair, using the name "AndreaAldridge35" on July 2, 2005.[4]

    After reviewing Exhibit C, it appears that the events of which Plaintiff complains, specifically as they pertain to Andrea LeClair, took place in the following order: (1) LeClair made a report to the Enfield Police Department regarding Plaintiff on July 3, 2005; (2) an Enfield police officer spoke with LeClair, Defendant and Cmelo as part of his investigation and reviewed obscene comments about LeClair that Plaintiff allegedly posted on the internet; (3) on the morning of September 20, 2005, LeClair allegedly posted on the internet that "Patty is in for a surprise"; and (4) at approximately 2:00 p.m. on September 20, 2005, Plaintiff and LeClair received telephone calls from Detective Cooper informing them that the application for an arrest warrant had been denied and the case was closed.  I find that the foregoing evidence does not demonstrate that Plaintiff is likely to succeed on the merits of her claims against

---

[4] I find that the last two pages attached to the end of Plaintiff's Exhibit C, allegedly containing statements made by Cathy Cmelo and Andrea LeClair, are so wholly lacking in reliability that the court may not consider them credible.  I do not discuss them further herein.

Defendant.  Merely showing that LeClair told a police officer that Defendant was her friend, and that LeClair and Defendant spoke to the police during the investigation of a complaint that was not prosecuted, does not prove either that LeClair's allegations about Plaintiff's conduct was false, or that LeClair's allegations were made in bad faith.  The Court has no way to judge LeClair's credibility as LeClair did not testify at the hearing, and no other evidence that would prove her credibility, or lack thereof, was presented at the hearing.

   Similarly, I do not find that Cathy Cmelo's August 8, 2005 statement, introduced into evidence as part of Plaintiff's Exhibit B, requires the court to find that Plaintiff is likely to succeed on the merits of her claims against Defendant.  In Ms. Cmelo's statement, she states that Defendant convinced Ms. Cmelo, after numerous telephone conversations, that Plaintiff's threatening remarks to Ms. Cmelo in an internet chat room should not be taken lightly and that Plaintiff was dangerous.  According to Ms. Cmelo, Defendant's urging eventually convinced Ms. Cmelo that she should get a restraining order against Plaintiff.  Ms. Cmelo goes on to state that Defendant began calling Ms. Cmelo so often to complain about Plaintiff that Ms. Cmelo instead became

fearful of Defendant.  Ms. Cmelo indicates in her statement that she intends to ask that the restraining order issued against Plaintiff be rescinded.  Since Ms. Cmelo was not present at the hearing to give live testimony under oath and subject to cross-examination, however, neither Defendant's counsel nor the Court had any opportunity to obtain additional details from Ms. Cmelo regarding the content of her statement.

   Moreover, even if it is accepted as true that Andrea LeClair and Defendant intentionally gave false statements to the Enfield Police in July 2005 that does not show that Plaintiff is likely to suffer irreparable harm if this court does not grant Plaintiff's request for a preliminary injunction against the Defendant.  To the extent that Plaintiff's Exhibits B and C refer to communications with Defendant or to statements that Defendant allegedly made, all of those communications and statements appear to have been made before August 2005.  Although Plaintiff may be able to prove her claims against Defendant at trial for past harms, the court cannot enjoin past acts. <u>See</u> <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 95-96 (1983) (finding that although a showing of a past injury may be sufficient to sue for damages, it is not a sufficient basis for standing to sue for

injunctive relief); <u>Am. Postal Workers Union v. Frank</u>, 968 F.2d 1373, 1376 (1st Cir. 1992) ("[<u>Lyons</u>] reaffirmed the principle that past exposure to harm will not, in and of itself, confer standing upon a litigant to obtain equitable relief absent a sufficient likelihood that he will again be wronged in a similar way." (internal quotation marks omitted)).  Therefore, I find that Plaintiff did not show that she is entitled to an injunction against Defendant because Plaintiff did not show that Defendant is currently committing any acts that will cause Plaintiff to suffer irreparable harm if an injunction is not granted.

<u>Conclusion</u>

While Plaintiff's allegations against Defendant in this lawsuit are deeply disturbing, if true, and Plaintiff may therefore be successful at trial if they can be proven with admissible evidence, I find that Plaintiff has not established that she is entitled to injunctive relief at this time. Accordingly, for all of the reasons set forth above, I recommend that Plaintiff's motion for a preliminary injunction (document no. 28) be denied.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to

file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: February 3, 2006

cc:  Patricia A. Donovan, <u>pro se</u>
     Michael J. Sheehan, Esq.