UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Patricia A. Donovan,
       Plaintiff

       v.                                    Civil No. 05-cv-211-SM
                                             Opinion No. 2007 DNH 120
Linda Whalen,
       Defendant

# **O R D E R**

In the summer of 2005, pro se plaintiff Patrician Donovan, a resident of New Hampshire, filed a 23-count complaint against a police officer and a county prosecutor from Anderson, Indiana (the "Indiana defendants"), and Linda Whalen, a resident of Texas.  Eventually, after approximately 18 months of motion practice, Donovan withdrew all claims against all defendants.  In response, Whalen filed a motion seeking reasonable attorney's fees, asserting that Donovan's complaint lacked merit and was filed in bad faith and for the purpose of harassment.  For the reasons set forth below, that motion is denied, but without prejudice to refiling.

## **Background**

In what can best be described as a rambling complaint, Donovan chronicles a wide variety of insults and slights she

claims to have suffered as a result of postings allegedly made by Whalen in various Internet chat rooms.  It also details numerous e-mails and telephone calls in which Whalen allegedly made false accusations about her.  As a result of Whalen's alleged conduct, Donovan claimed to have suffered damage to her reputation and experienced difficulties with law enforcement officers in both Indiana and New Hampshire.  For the substantial injuries she claimed to have sustained, Donovan sought correspondingly substantial compensation in the amount of five million dollars ($5,000,000).

Originally, the complaint's 23 counts advanced claims that included false arrest, false imprisonment, intentional infliction of emotional distress, and defamation.  Eventually, Donovan withdrew the claims against the Indiana defendants and, in response to defendant Whalen's motion to dismiss, the court thinned plaintiff's remaining claims against Whalen to just three.  Then, as trial approached, Donovan failed to file her pretrial materials and, without notice to the court, failed to attend the final pretrial conference.  Instead, she filed a motion to withdraw all remaining claims against Whalen, without prejudice – a strategy Whalen suggests was designed to prolong Donovan's frivolous litigation against her while, at the same

time, avoiding the need to actually go to trial.  In support of
that motion, Donovan said only that she wished to re-file those
claims in Texas, "where defendant resides and where the third
party [of unknown relevance to this case] resides."  Plaintiff's
motion to dismiss (document no. 72).

The court denied Donovan's motion to withdraw her claims
without prejudice.  And, because Donovan failed to attend the
final pretrial conference (and neglected to inform the court that
she would not be in attendance), the court rescheduled trial and
issued an order directing Donovan to show cause why her case
should not be dismissed (with prejudice) for failure to
prosecute.  Donovan objected.

Nevertheless, on the eve of trial, Donovan again moved to
withdraw all remaining claims against Whalen, this time with
prejudice.  As justification for her desire to withdraw the
claims she had so aggressively pursued (and for which she sought
$5 million in damages), Donovan offered a new explanation: "the
sudden failing health of Plaintiff's mother and Plaintiff's
[changed] priorities."  That motion was granted and all of
Donovan's remaining claims were dismissed with prejudice.  In the
wake of that action, Whalen now seeks an award of reasonable

3

attorney's fees, asserting that Donovan's complaint lacked merit and was brought in bad faith and with the intent to harass.

## Discussion

The well-established "American Rule" on fee-shifting provides that, ordinarily, attorney's fees are not recoverable by a prevailing party unless specifically authorized by statute or contract.  Mullane v. Chambers, 333 F.3d 322, 337 (1st Cir. 2003).  See also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975).  There is, however, an exception to that rule.  Courts possess the inherent authority to award attorney's fees to a prevailing party when its opponent has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991) (quoting Alyeska, 421 U.S. at 258–59).  Importantly, however, "because of their very potency, inherent powers must be exercised with restraint and discretion, and thus should be used sparingly and reserved for egregious circumstances."  Mullane, 333 F.3d at 338 (citations and internal punctuation omitted).  This case would appear to present one of those rare and egregious circumstances, with one caveat.

4

In support of her motion for attorney's fees, Whalen advances several arguments relating to the manner in which pro se plaintiff Donovan pursued this case, and calls the court's attention to numerous statements Donovan allegedly made about the case in Internet chat rooms – statements expressly stating her desire to use this litigation to accomplish little more than harass Whalen and force her to incur substantial attorney's fees.

While the documents Whalen has appended to her motion provide a disturbing view into Donovan's (apparent) purpose in filing this litigation, and suggest that Donovan pursued what she knew were frivolous claims solely for the purpose of forcing Whalen to incur substantial legal fees, there is a substantial problem with Whalen's filings.  There is little indication that they are authentic.  An affidavit from Whalen attesting to the fact that the submitted documents are accurate, unaltered printouts of chat room conversations probably would have been sufficient, absent contradiction.  Unfortunately, however, Whalen's motion is unaccompanied by any such affidavits, and otherwise fails to establish a basis upon which to conclude that the documents are reliable.

Whalen's motion for attorney's fees is grounded on records that were not a part of the underlying litigation.  On the one hand, if her submissions are true and authentic, they support Whalen's assertion that this is one of those rare cases in which an exception to the "American Rule" is warranted and an award of attorney's fees is appropriate.  On the other hand, while Donovan does not specifically deny that she authored the statements in question, she indirectly implies as much, by asserting that the logs could easily have been falsified.

### Conclusion

Absent a firm basis upon which to determine material and undisputed facts supporting Whalen's claim, the court is reluctant to grant her motion for attorney's fees.  Accordingly, that motion (document no. 80) is denied, without prejudice. Defendant Whalen is hereby afforded until October 26, 2007, to review her motion, if she desires, by refiling it, supported by admissible evidence, properly presented by affidavit or otherwise.  Plaintiff Donovan shall then have until November 23, 2007, to file a response, if she so chooses.  If it appears that material facts regarding the claim are genuinely disputed, the court will schedule an evidentiary hearing on the matter, at

6

which defendant, as the moving party, will be required to meet her burden of proof.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 24, 2007

cc: Patricia A. Donovan, <u>pro se</u>
    Daniel J. Mullen, Esq.
    David A. Arthur, Esq.
    Robert G. Whaland, Esq.
    Michael S. Sheehan, Esq.