UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Patricia A. Donovan,
     Plaintiff

     v.                              Civil No. 05-cv-211-SM
                                        Opinion No. 2008 DNH 088
Linda Whalen,
     Defendant

**O R D E R**

In the summer of 2005, pro se plaintiff Patrician Donovan, a resident of New Hampshire, filed a 23-count complaint against a police officer and a county prosecutor from Anderson, Indiana (the "Indiana defendants"), and Linda Whalen, a resident of Texas.  Eventually, after approximately 18 months of motion practice, Donovan withdrew all claims against all defendants.  In response, Whalen filed a motion seeking an award of $12,420 in attorney's fees, asserting that Donovan's complaint lacked merit and was filed in bad faith and for the purpose of harassment. For the reasons set forth below, that motion is granted in part, and denied in part.

**Background**

In what can best be described as a rambling complaint, Donovan chronicles a wide variety of insults and slights she

claims to have suffered as a result of postings allegedly made by Whalen in various Internet chat rooms. Donovan also complains about numerous e-mails and telephone calls in which Whalen allegedly made false accusations about her. As a result of Whalen's alleged conduct, Donovan claims to have suffered damage to her reputation and experienced difficulties with law enforcement officers in both Indiana and New Hampshire. For the substantial injuries she claimed to have sustained, Donovan sought correspondingly substantial compensation in the amount of five million dollars ($5,000,000).

The 23 counts advanced in Donovan's complaint included claims of false arrest, false imprisonment, intentional infliction of emotional distress, and defamation. Eventually, Donovan withdrew the claims against the Indiana defendants and, in response to Whalen's motion to dismiss, the court thinned Donovan's remaining claims against Whalen to just three (Whalen never moved for summary judgment). Then, as trial approached, Donovan neglected to submit her pretrial materials and, without notice to the court, failed to attend the final pretrial conference. Instead, she filed a motion to withdraw all remaining claims against Whalen, without prejudice – a strategy Whalen suggests was designed to prolong Donovan's frivolous

2

litigation against her while, at the same time, avoiding the need to actually go to trial.  In support of that motion, Donovan said only that she wished to re-file her claims against Whalen in Texas, "where defendant resides and where the third party [of unknown relevance to this case] resides."  Plaintiff's motion to dismiss (document no. 72).

The court denied Donovan's motion to withdraw her claims without prejudice.  And, because she failed to attend the final pretrial conference (and neglected to inform the court that she would not be in attendance), the court rescheduled trial and issued an order directing Donovan to show cause why her case should not be dismissed, with prejudice, for failure to prosecute.  Donovan objected.

Nevertheless, on the eve of trial, Donovan again moved to withdraw all remaining claims against Whalen, this time <u>with</u> prejudice.  As justification for her desire to withdraw the claims she had so aggressively pursued (and for which she sought $5 million in damages), Donovan offered a new explanation: "the sudden failing health of [her] mother and [her changed] priorities."  That motion was granted and all of Donovan's remaining claims were dismissed with prejudice.  In the wake of

3

that action, Whalen now seeks an award of reasonable attorney's fees, asserting that Donovan's complaint lacked merit and was brought in bad faith and with the intent to harass.

**Discussion**

I.    The Court's Authority to Award Attorney's Fees.

The well-established "American Rule" on fee-shifting provides that, ordinarily, attorney's fees are not recoverable by a prevailing party unless specifically authorized by statute or contract.  Mullane v. Chambers, 333 F.3d 322, 337 (1st Cir. 2003).  See also Alyeska Pipeline Serv. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975).  There is, however, an exception to that rule.  Courts possess the inherent authority to award attorney's fees to a prevailing party when its opponent has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, 501 U.S. 32, 33 (1991).  Importantly, however, "because of their very potency, inherent powers must be exercised with restraint and discretion, and thus should be used sparingly and reserved for egregious circumstances."  Mullane, 333 F.3d at 338 (citations and internal punctuation omitted).

4

As this court (Barbadoro, J.) has noted, the party seeking
to invoke the so-called "bad faith" exception to the American
rule on fee-shifting bears a heavy burden and must:

> establish by clear and convincing evidence that its
> opponent has acted in bad faith, vexatiously, or for
> wanton or oppressive reasons.  Because the exception is
> intended as a sanction to remedy a display of bad
> faith, its invocation requires more than a showing of a
> weak or legally inadequate case.  Rather, the movant
> must demonstrate that the challenged actions were
> entirely without color and were taken for reasons of
> harassment or delay or for other improper purposes.

Dubois v. United States Dep't of Agriculture, No. 95-cv-050-B,
slip op. at 5 (D.N.H. July 17, 1998) (citations and internal
punctuation omitted).  Although Donovan's conduct during the
course of this litigation has been disturbing, Whalen has failed
to demonstrate, by clear and convincing evidence, that this case
presents one of those rare and egregious circumstances in which
the exception to the American rule on fee-shifting may properly
be invoked.


II.  Limited Award of Attorney's Fees.

In support of her motion for attorney's fees, Whalen points
to the manner in which pro se plaintiff Donovan pursued this
case, and relies upon numerous statements Donovan allegedly made

5

in various Internet chat rooms about the case (and her intent to force Whalen to incur substantial attorney's fees).

First, Whalen points out that Donovan failed to file her pretrial materials and, instead, filed a motion seeking to withdraw all claims against Whalen, without prejudice.  As justification for that request, Donovan made no reference to her mother's illness.  Instead, she simply said she would prefer to pursue her claims against Whalen in Texas, where Whalen lives – a curious request, given that Donovan lives in New Hampshire and, when she filed suit, she chose this as the forum in which to bring her complaints.  Subsequently, without notice to the court or Whalen, Donovan failed to appear for the scheduled final pre-trial conference – conduct Whalen says reveals Donovan's true intention: to never pursue her claims to trial.  Donovan's conduct in that regard was plainly unacceptable, and warrants an award of attorney's fees to Whalen for costs associated with counsel's preparation for, and attendance at, the final pre-trial conference.

When her motion to withdraw all claims against Whalen without prejudice was denied, Donovan filed a new motion to withdraw those claims, this time <u>with</u> prejudice.  In support of

6

that motion, Donovan invoked a new justification: the illness of her mother and her own "changed priorities," implying that she no longer had either the time or the interest to pursue her claims against Whalen.

For her part, Whalen argues that such conduct is, to say the least, suspicious.  Why, for example, would Donovan not simply seek a continuance of the trial, particularly if she in good faith believed that Whalen's conduct had caused her $5 million in damages.  The answer, says Whalen, is that Donovan never intended this case to go to trial and filed suit merely to harass, intimidate, and annoy Whalen.  Donovan, says Whalen, engaged in a calculated effort to force her to divert her time to this case, and to incur substantial attorney's fees defending against what were baseless claims from the outset.

In support of her motion for fees, Whalen also points to several logs of various Internet chat rooms.  But, Whalen has not subpoenaed or filed with the court official records of America Online (the host of the chat rooms in question) or secured an affidavit from a representative of that company attesting to the fact that various screen names used were linked to the account maintained by Donovan.  Instead, Whalen points out that earlier

in this case Donovan admitted, under oath, to using two of the
three screen names at issue ("RES JUDICATA" and
"TigersDictionary").  Whalen also asserts that the content and
context of the statements attributed to Donovan clearly
demonstrate that the writer was, in fact, Donovan.  And, along
with her Renewed Motion for Attorney's Fees, Whalen has submitted
an affidavit in which she states that the submitted chat room
logs and conversations are true and accurate printouts, as they
appeared on her computer screen, and that they have not been
altered or manipulated in any way.  See Affidavit of Linda Whalen
(document no. 85-4) at paras. 3-5.

    Parenthetically, the court notes that although Whalen's
request for attorney's fees rests, at least in part, on the
assertion that Donovan's claims were frivolous, Whalen has failed
to carry her burden of proof on that issue.  See Defendant's
motion (document no. 85) at para. 4 (asserting that plaintiff's
claims had "little or no merit").  See also Americana Indus. v.
Wometco de Puerto Rico, 556 F.2d 628, 628 (1st Cir. 1977)
("Invocation of the bad faith exception to the normal federal
rule that attorney's fees may not be recovered requires more than
a showing of a weak or legally inadequate case.").  Three of
Donovan's claims were sufficiently well drafted to survive

Whalen's motion to dismiss and Whalen has not attempted to demonstrate that any one or more of those three claims was so lacking in merit as to be frivolous.  The primary focus of Whalen's motion for attorney's fees is her claim that Donovan pursued this case or, at a minimum, filed various motions "for the sole purpose of costing Whalen attorney's fees."  Defendant's motion (document no. 85) at 4.

In response, Donovan first asserts that Whalen should not be permitted to:

> allege that it was a frivolous lawsuit after the court dismissed the case with prejudice without hearing any evidence.  By dismissing the lawsuit the Plaintiff is deprived the ability to prove it did have merit.

Plaintiff's supplemental response (document no. 83) at 3.  For obvious reasons, that argument is not terribly compelling.  It was plaintiff herself who, on the eve of trial, moved the court to dismiss all of her claims against Whalen with prejudice.  In granting Donovan's motion, the court did not "deprive" her of anything.

Next, Donovan seeks to turn the tables, suggesting that she should not be held liable for Whalen's attorney's fees because

9

Whalen engaged in uncivil, discourteous, and even threatening behavior in various Internet chat rooms which was directed toward her.  While at least some of Donovan's claims about Whalen's behavior are likely true (among other things, logs of various chat room conversations reveal that neither party has distinguished herself as being either particularly civil or courteous), they are, in the context of the pending motion for fees, not of significant weight.  Nor is Donovan's claim that, by harassing Donovan in various Internet chat rooms, Whalen (allegedly) violated the terms of a state-issued restraining order.  At this juncture, the court's focus is necessarily on Donovan's conduct and determining whether she pursued her claims against Whalen knowing that they were frivolous, and/or otherwise engaged in vexatious, wanton, or oppressive conduct.  In other words, the fact that Whalen may have behaved badly (or even menacingly) toward Donovan in various Internet chat rooms would not entitle Donovan to pursue frivolous legal claims against her. Nor would it excuse vexatious, wanton, or oppressive conduct in the course of pursing even meritorious legal claims.

Donovan's final argument in opposition to Whalen's motion is the most solid.  In response to Whalen's assertion that the various logs of Internet chat room conversations chronicle

10

numerous statements made by Donovan, Donovan has submitted an affidavit in which she: (1) denies having filed this suit for frivolous purposes, "including but not limited to costing the defendant legal fees;" and (2) denies having ever said, either orally or in writing, that she pursued her claims against Whalen for the purpose of causing her to incur legal fees. Affidavit of Patricia Donovan (document no. 86-26) at 1. Plainly, then, there is a genuine dispute as to whether Donovan authored the statements in question and, if so, what was meant by them.

Even assuming that the chat room statements identified by Whalen are attributed to Donovan, it is plausible that those statements simply reflect Donovan's satisfaction in knowing that Whalen was incurring legal fees. Such subjective sentiments are not, standing alone, grounds for an award of attorney's fees in this case. Provided he or she is acting in good faith in pursuing litigation, that a plaintiff takes some personal satisfaction from the knowledge that the party who (allegedly) caused her harm is experiencing some financial burden in defending the litigation is not grounds for imposing an obligation to pay those fees. Here, the statements Whalen attributes to Donovan are plainly childish, silly, and, at times, vulgar and confrontational. But, even if Whalen had

11

demonstrated, by clear and convincing evidence, that Donovan made
those statements, they do not reveal an intention to: (1)
knowingly pursue frivolous claims; or (2) intentionally act in a
manner designed to cause Whalen to incur unnecessary additional
legal fees.  As noted earlier, three of Donovan's claims survived
Whalen's motion to dismiss.

In light of the foregoing, the court concludes that Whalen
is entitled to an award of reasonable costs and attorney's fees
associated with her attorney's preparation for, and attendance
at, the pretrial conference Donovan failed to attend (without
giving notice to either the court or opposing counsel).  She has
not, however, demonstrated that she is entitled to an award of
all costs and fees incurred during this litigation.

III. Reasonableness of the Requested Fees.

Michael Sheehan, Whalen's attorney, has submitted an
affidavit in support of her motion for attorney's fees in which
he states that he billed Whalen at a rate of $200 per hour for
his legal services.  That rate is entirely consistent with the
prevailing rate for attorneys in this area of comparable skill
and expertise.  The court is familiar with Attorney Sheehan's
work and concludes that his fee of $200 per hour for legal work

12

associated with this case is entirely reasonable.  Donovan does not suggest otherwise.

Based upon a review of the records submitted by Attorney Sheehan, it appears that he spent approximately 4.8 hours preparing for, and attending, the final pretrial conference and addressing Donovan's response to the court's show cause order. Whalen is, then, entitled to an award of $960.

### Conclusion

In light of the foregoing, defendant's Renewed Motion for Attorney's Fees (document no. 85) is granted in part and denied in part.  Patricia Donovan, is hereby ordered to pay defendant, Linda Whalen, the sum of Nine Hundred Sixty Dollars ($960) as reasonable attorney's fees and costs.

Plaintiff's Motion for the Court to Order the Defendant to Submit Her Hard Drive for Forensic Examination (document no. 95) is denied.  Plaintiff's Motion to Dismiss (document no. 98) is also denied.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

April 24, 2007

cc:  Patricia A. Donovan, <u>pro</u> <u>se</u>
     Daniel J. Mullen, Esq.
     David A. Arthur, Esq.
     Michael J. Sheehan, Esq.
     Robert G. Whaland, Esq.